### NASBERG v. JOLINE et al.

(Supreme Court, Appellate Term. June 21, 1912.)

NEW TRIAL (§ 71*)—VERDICT—EVIDENCE.

Where, in an action for injuries to a child while alighting from a street car, there were two passengers who alighted in safety before plaintiff, and she was injured by a jerk of the car as she was attempting to alight, and plaintiff's theory was corroborated by the testimony of two witnesses, while defendant called the motorman and two alleged passengers, who corroborated its version of the accident that plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jumped from the car while in motion, it was error to set aside a verdict for plaintiff and grant a new trial on the ground that it was contrary to the evidence and against the weight of the evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mollie Nasberg, an infant, by Joseph Nasberg, her guardian ad litem, against Adrian H. Joline and Douglas Robinson, as receivers of the Metropolitan Street Railway Company. From an order setting aside a verdict for plaintiff and ordering a new trial, plaintiff appeals. Reversed, and judgment reinstated.

Argued June term 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Joseph S. Rosalsky, of New York City (Jacob I. Berman and Abraham Landau, both of New York City, of counsel), for appellant.

Masten & Nichols, of New York City (William J. Sheils, of New York City, of counsel), for respondents.

SEABURY, J. The plaintiff, a girl of 15, was a passenger on one of the defendants' south-bound cars. The car, according to her testimony, stopped on the northerly corner of Twenty-Third street and Seventh avenue, and two passengers alighted in safety, and, while the plaintiff was in the act of getting off the car, "the car gave a jerk," and the plaintiff was thrown, and sustained the injuries for which she seeks damages in this action. The contention of the defendant was that the girl had jumped off the car while it was in motion. The plaintiff was corroborated by the testimony of two witnesses, and the defendant called the motorman and conductor of the car and two alleged passengers, who corroborated their version of the occurrence.

The testimony of these witnesses presented an issue of fact, which the court below submitted to the jury in a charge to which no exception was taken. The jury returned a verdict for $200. Upon motion of the defendant, the court made an order providing that "the verdict of the jury is hereby set aside, upon the grounds that the same is contrary to law, contrary to the evidence, against the weight of the evidence, excessive, and upon the exceptions taken at the trial." From that order the plaintiff appeals to this court.

We think that the appeal is well taken, and that the order appealed from was an unwarranted interference with the verdict of the jury. The verdict was supported by evidence which the jury were justified in believing to be credible. It is contrary to no rule of law that has been called to our attention. The damages awarded are proportionate to the injuries sustained, and the exceptions taken by the defendants during the trial were trivial in character.

Order reversed, and judgment reinstated, with costs to the appellant. All concur.